UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATALIE C,[1]    Case No. 1:21-cv-145

    Plaintiff,    Bowman, M.J.

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Natalie C. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error for this Court's review. The Commissioner's finding of non-disability will be REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g).[2]

**I. Summary of Administrative Record**

Plaintiff applied for disability benefits in May 2018, alleging disability beginning July 1, 2010, due to neck and back pain. (Tr. 136-37). After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ"). At a hearing held on November 14, 2019, Plaintiff appeared with counsel and gave testimony before ALJ John Prince; a vocational expert ("VE") also

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

1

testified. On November 25, 2019, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. (Tr. 15-26). The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff was born in 1965 and was 49 years old on her date last insured. Plaintiff obtained a GED and subsequently attended college and obtained a degree as an LPN in 1990. (Tr.39) She has past relevant work as an LPN. (Tr. 38)

The ALJ determined that Plaintiff has severe impairments of "degenerative disc disease of the cervical spine, status post cervical discectomy and decompression surgery, history of mild left carpal tunnel syndrome, history of chronic obstructive pulmonary disorder, osteopenia, lumbar degenerative disc disease, asthma, psoriatic arthritis, and hypertension. (Tr. 17). Although Plaintiff argued at the hearing that her impairments were of listing level severity, the ALJ found that none of the impairments, alone or in combination, met or medically equaled any Listing in 20 C.F.R. Part 404, Subpart P, Appx. 1, such that Plaintiff would not be entitled to a presumption of disability. (*Id.*)

The ALJ determined that Plaintiff could perform sedentary work, subject to the following limitations:

> [S]he can occasionally stoop and crawl; frequently kneel, crouch, and climb ramps or stairs; and never climbing ladders, ropes or scaffolds. Additionally, she can only engage in frequent fingering and handling with her left hand and is limited to occasional overhead reaching bilaterally. She should also avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, and workplace hazards such as heavy machinery and unprotected heights. Finally, she should avoid concentrated exposure to loud noises such as heavy traffic, all exposure to bright lights such as those involved in welding, and concentrated exposure to excessive vibration from tools like jackhammers.

(Tr. 20).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work but still could perform other jobs that exist in significant numbers in the national economy, including assembler, inspector, and hand trimmer. (Tr. 25). Therefore, the ALJ determined that Plaintiff was not under a disability. (Tr. 26). Plaintiff urges this Court to reverse, arguing that ALJ erred by finding that Plaintiff was able to perform the lifting and sitting requirements necessary for sedentary work. The Court finds no reversible error.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports

3

the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

## B. The ALJ's Decision is Not Substantially Supported

Plaintiff challenges the ALJ's RFC assessment. Specifically, Plaintiff argues that the ALJ's RFC determination cannot be sustained because he failed to properly account for her sitting and lifting requirements. Plaintiff's contention is well-taken with respect to the ALJ's finding that she could perform the sitting requirements necessary for sedentary work

The RFC is the most Plaintiff can still do despite the physical and mental limitations resulting from her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155-56 (6th Cir. 2009) (citing the regulations). It is a determination based on all of the relevant medical and other evidence and is ultimately an administrative determination reserved to the Commissioner. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996). Plaintiff has the burden to provide evidence to establish her RFC. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p.

Here, as detailed above, the ALJ found that Plaintiff had the residual functional capacity to perform a range of sedentary work despite her impairments. (Tr. 20). Notably, the regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally, and other sedentary criteria are met. By its very nature, work performed

5

primarily in a seated position entails no significant stooping. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions. *See 20 CFR 404.1567(a) and 416.967(a); See also Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983). "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles. *Id.*

Here, Plaintiff testified she could not sit more 30 minutes before she would have to get up. (Tr. 46) She further testified she could sit no more than an hour and a half during an eight-hour day. (Tr. 46). Moreover, Plaintiff's treating physician, Dr. Scheidler completed a detailed Medical Assessment opining, *inter alia*, that she was limited to sitting 30 minutes at a time and for a maximum of 1.5 hours during an eight-hour workday. (Tr. 952).

The ALJ found the Plaintiff had a severe low back impairment consisting of lumbar degenerative disc disease, which significantly limited the ability to perform basic work activities as required by SSR 85-28. (Tr. 17). He also noted the Plaintiff had psoriatic arthritis, which significantly limited the ability to perform basic work activities as required by SSR85-28. (Tr. 17). Despite this evidence, Plaintiff argues that the ALJ erroneously found that Plaintiff could perform the sitting requirements for sedentary work.

6

In formulating Plaintiff's RFC, the ALJ determined that Dr. Scheidler's opinion was inconsistent with the treatment record during the relevant period. In this regard, the ALJ's decision states:

> On March 1, 2011, the claimant is observed to display normal strength throughout all of her extremities except that her grip strength in her left hand was reduced to a 4 on a 5 point scale. These findings were repeated on September 7, 2012, January 24, 2013, and May 9, 2013. Giving full and appropriate consideration to the claimant's allegations, she is limited to sedentary exertional levels. However, the record does not support a finding that she can only lift 5 pounds occasionally and no weight frequently. *The restrictions set forth by Dr. Scheidler are otherwise persuasive and his statement is persuasive to the extent that it suggests a reduced functioning beyond what the DDS consultants establish.*

(Tr. 24)(emphasis added).

In light of the foregoing, Plaintiff argues that the ALJ failed to properly explain why he did not accept the limitations on her ability to sit by the treating physician. The undersigned agrees.

The new regulations for evaluating medical opinions are applicable to this case because Plaintiff's claim was filed after March 27, 2017 (Tr. 161). See 20 C.F.R. § 404.1520c. The new regulation at 20 C.F.R. § 404.1520c differs from the previous regulation at 20 C.F.R. § 404.1527. The agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a

treating source opinion. Compare 20 C.F.R. § 404.1527(c)(2) with 20 C.F.R. § 404.1520c(a), (b). The ALJ is only required to explain how he or she considered the supportability and consistency factors, 20 C.F.R. § 404.1520c(c)(1)-(2), which are the two most important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he or she considered medical opinions. See 20 C.F.R. § 404.1520c(b)(2)-(3). Further, in evaluating the statements from the state agency reviewing sources, an ALJ will also consider the evidence in accordance with the new regulations. See 20 C.F.R. §§ 404.1513a(b)(1)(2017), 404.1520c.

Here, as detailed above, the ALJ expressly stated that he found Dr. Scheidler limitations persuasive, with the exception of his lifting limitations. Despite this determination, the ALJ failed to explain why he did not accept and/or incorporate Dr. Scheidler's sitting limitations in his RFC determination. As a rule, the ALJ must build an accurate and logical bridge between the evidence and her conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011); see also *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544–546 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2, 1999). See also *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir.

1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82–62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained"). Here, the ALJ's evaluation of the opinion evidence does not build an accurate and logical bridge between the evidence and his conclusion.

Accordingly, remand is necessary because the Court cannot determine whether the ALJ's conclusions—cursory as they were—find support from substantial evidence. *Kump v. Comm'r of Soc. Sec.,* No. 1:14CV2384, 2015 WL 7774303, at *9 & n.1 (N.D. Ohio Dec. 2, 2015) ("In sum, the decision does not allow the Court to follow the ALJ's reasoning with regard to the evidence.... Thus, the Court is unable to conduct a meaningful review, and remand is warranted so that the ALJ may provide a more thorough analysis."); *Feliciano v. Colvin*, No. 3:14-01449, 2015 WL 5124046, at *11 (M.D. Tenn. Sept. 1, 2015) (finding that "more appropriate course" was to vacate and remand the case "for a discussion of the evidence and an explanation of reasoning" behind benefits denial), Rep. & Recommendation adopted sub nom. *Feliciano v. Soc. Admin.*, No. 3:14-011449, 2015 WL 567894, at *1 (M.D. Tenn. Sept. 23, 2015).

### III. Conclusion

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Opinion. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the

Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." Faucher, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. Id. at 176.

For the reasons explained herein, **IT IS ORDERED THAT**: the decision of the Commissioner to deny Plaintiff SSI benefits is **REVERSED** and this matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this opinion. As no further matters remain pending for the Court's review, this case is **CLOSED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge